24-362-cr
United States v. Brown

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand twenty-four.

PRESENT:  AMALYA L. KEARSE,
              REENA RAGGI,
              RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

      *Appellee,*

   v.                                  No. 24-362-cr

DAVION BROWN, AKA KOKAINE, AKA KOKAINE REDD,

      *Defendant-Appellant.*\*

-----------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLEE:

BRADLEY T. KING, Assistant
United States Attorney
(Nicholas J. Moscow, Assistant
United States Attorney, *on the
brief*), *for* Breon Peace, United
States Attorney for the Eastern
District of New York, Brooklyn,
NY

FOR DEFENDANT-APPELLANT:

JOSEPH W. RYAN, JR., Melville
Law Center, Melville, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Davion Brown appeals from a judgment of conviction entered on February 6, 2024 in the United States District Court for the Eastern District of New York (Brown, *J.*), following a guilty plea to one count of unlawful discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The District Court sentenced Brown principally to ten years' imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Under the terms of his plea agreement, Brown reserved the right to challenge on appeal the District Court's denial of his motion to suppress evidence obtained from three cell phones seized during his arrest. Brown does not challenge the validity of the post-arrest search warrant pursuant to which data was extracted from his phones. Instead, he argues that two pre-arrest search warrants — for prospective cell-site location information ("CSLI") and for the use of a cell-site simulator — contained material misstatements that should have led the District Court to grant the motion to suppress.[1]

"[W]e review a district court's conclusions of law *de novo* [and] its conclusions of fact for clear error." *United States v. Sandalo*, 70 F.4th 77, 86 (2d Cir. 2023). Because Brown does not challenge the post-arrest warrant to search his phone and relies instead upon a derivative suppression argument, a threshold question is whether the cell phone evidence was the "fruit" of the challenged CSLI or cell-site simulator warrants. *See Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999); *see also California v. Hodari D.*, 499 U.S. 621, 629 (1991) (reversing grant of suppression motion where evidence was "not the fruit"

---

[1] Brown initially argued that the District Court erred by denying the motion without first holding an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). At oral argument, however, Brown withdrew the *Franks* argument.

of challenged seizure).

We conclude that it was not. The CSLI and cell-site simulator warrants provided evidence of the general and specific location of one of Brown's cell phones and, therefore, of Brown's likely movements between his indictment and arrest. Brown contends that investigators procured these warrants by falsely representing that they required the CSLI and cell-site simulator information to locate and arrest him. The Government vigorously denies falsity. We need not resolve this dispute or ask the District Court to do so. First, to procure a search warrant, the Government need show only probable cause to believe that the search will yield incriminating evidence—or, in this case, facilitate an authorized arrest. It need not show that it has exhausted other investigative means without success. *See United States v. Smith*, 9 F.3d 1007, 1014 (2d Cir. 1993) (holding search warrant application "need not relate unproductive or unsuccessful efforts in the course of the investigation"); *cf.* 18 U.S.C. § 2518(3) (requiring showing that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous" to obtain wiretap authorization).

Second, Brown's claim of falsity undermines his argument that the cell

4

phone evidence was the fruit of those pre-arrest warrants.   Brown argues that one of the government agents relied upon the CSLI warrant when he dialed Brown's phone number to identify and seize Brown's phone.   But government agents already knew Brown's phone number and cell phone subscription information by the time they executed the pre-arrest warrants.   And Brown effectively concedes that the agents would have lawfully and inevitably arrested him and seized his phones even without the challenged warrants.

We therefore affirm the District Court's denial of the motion to suppress because the Government searched Brown's phones pursuant to a valid warrant and because that search "inevitably would have been conducted . . . irrespective of" the challenged pre-arrest searches.   *See United States v. Thompson*, 35 F.3d 100, 105 (2d Cir. 1994).

## CONCLUSION

We have considered Brown's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5